IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KEVIN D. CLAUNCH,<br><br>                        **Plaintiff,**<br><br>v.<br><br>**UNITED STATES DEPARTMENT of VETERAN'S AFFAIRS, JACK KAMMERER,** Salt Lake City Regional Office Director of the Department of Veterans Affairs, and the **UNITED STATES OF AMERICA,**<br><br>                        **Defendants.** | **REPORT & RECOMMENDATION**<br><br>Case No: 2:20-cv-00513<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

This case is before Magistrate Judge Dustin B. Pead pursuant to a 28 U.S.C. §636 (b)(1)(B) referral from District Court Judge Howard C. Nielsen, Jr. (ECF No. 4.) Before the Court is Defendants' Motion to Dismiss the Amended Complaint. (ECF No. 16.) Under local rule DUCivR 7-1, the Court concludes that oral argument is unnecessary and therefore decides the pending motion on the written memoranda submitted by the parties. *See* DUCivR 7-1(f).

## PROCEDURAL BACKGROUND

Pursuant to 28 U.S.C. §1915, Plaintiff Kevin D. Claunch ("Plaintiff" or "Mr. Claunch") was granted leave to proceed without prepayment of fees and on August 20, 2020, Mr. Claunch's initial complaint was placed on the court docket. (ECF No. 2; ECF No. 3.)

On November 3, 2020, the Court conducted a §1915 review [1] of the complaint and concluded that Plaintiff failed to state a claim for relief. (ECF No. 6); *see* 28 U.S.C. §1915 (e)(2)(B)(ii). The Court allowed Plaintiff an opportunity to amend and on November 17, 2020, Mr. Claunch filed his Amended Complaint. (ECF No. 7.)

Plaintiff's Amended Complaint asserts claims against the United States of America, the United States Department of Veterans Affairs (the "Department"), and Jack Kammerer ("Mr. Kammerer") in his official capacity as the Salt Lake City Regional Director for the Department of Veterans Affairs (collectively referred to as "Defendants"). As support for his claims and jurisdiction before this Court, Plaintiff relies upon the 4th Amendment, the 5th Amendment, the Debt Collection Improvement Act of 1996, the Fair Debt Collection Practices Act, 42 U.S.C. §1983 and 42 U.S.C. §1986. (ECF No. 7 at 3, 8, 10.)

Defendants were served with a copy of the Amended Complaint (ECF No. 8), and on February 8, 2021 Defendants filed their pending Motion to Dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 16); Fed. R. Civ. P. 12(b)(1).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1), empowers the court to dismiss a complaint for "lack of jurisdiction over the subject matter." A court must dismiss a case "at any stage of the proceeding in which it become apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1074).

---

[1] Whenever the Court authorizes a party to proceed without prepayment of fees pursuant to 28 U.S.C. §1915, the court must "dismiss the case at any time if . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(i)(ii).

The burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). To establish jurisdiction, a plaintiff "must 'allege in his pleading the facts essential to show jurisdiction' and 'must support [those facts] by competent proof.'" *United States ex rel. Precision Co. v. Koch Indus.,* 971 F.2d 548, 551 (10th Cir. 1992) (*quoting McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).

Under Rule 12(b)(1), dismissal "is not a judgment on the merits of the case, but only a determination that the court lacks authority to adjudicate the matter." *Hoodenpyle v. United States,* 2009 U.S. Dist. LEXIS 90188 at *4 (D. Colo. June 12, 2009) (*citing Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts as courts of limited jurisdiction that may only exercise jurisdiction when specifically authorized to do so)).

## **AMENDED COMPLAINT**

While his specific claims are difficult to discern, Mr. Claunch generally appears to allege the following.

In October of 2019, the Department, at the direction of the Salt Lake Regional Director Mr. Kammerer, issued an administrative decision that retroactively reduced Plaintiff's monthly veteran's benefits. (ECF No. 7 at 6.) The decision was issued without affording Plaintiff a hearing, and was based on the conclusion that Mr. Claunch had fraudulently claimed additional children as dependents. (ECF No. 7 at 9.) As a result, the Department determined that Plaintiff had been overcompensated and created a "debt account" for purposes of collection activity. (ECF No. 7 at 7.) In order to collect, the Department "disburse[d] the income to Plaintiff and then seize[d] it as Plaintiff's income property and appl[ied] it to the debt account that the [Department had] created." (*Id.*)

In July 2020, Defendants determined that Mr. Claunch actually "does have three children who all live with him." (ECF No. 7 at 9.) As a result, the Department's administrative decision was reversed. (ECF No. 7 at 8.) Defendants have, however, "negligently declined" to cease their ongoing seizure of Plaintiff's income and Plaintiff now seeks approximately $311,540.00 in damages.[2]

## ANALYSIS

In reviewing Defendants' Motion, the Court is mindful that Mr. Claunch proceeds without legal representation. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g., Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003). At the same time, the Court also recognizes that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon,* 935 F.2d at 1110, and the Court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

Overall, while Mr. Claunch complied with the Court's Order requiring an amended pleading, his claims remain muddled and it is unclear what specific causes of action are alleged or what constitutional and statutory support Plaintiff relies upon to advance claims against each of the named Defendants.

---

[2] Plaintiff's damages include $28,662.32 (the $22,047.94 amount seized by the Department plus 30 % interest), $16,877.68 in loss of annual compensation, $16,000.00 in compensatory damages and $250,000.00 in non-economic and punitive damages.

### I.     The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

As discussed herein, the Court lacks subject matter jurisdiction over Mr. Claunch's claims based on: (1) sovereign immunity; (2) exceptions to the Federal Torts Claims Act; and (3) the Veterans Judicial Review Act.

#### A. Sovereign Immunity

Sovereign immunity precludes federal court jurisdiction by shielding "the United States, its agencies, and officers acting in their official capacity from suit." *Wyoming v. United States,* 279 F.3d 1214, 1225 (10th Cir. 2002) (*citing FDIC v. Meyer,* 510 U.S. 471, 475 (1994)). As a result, the United States "can be sued only to the extent that it has waived immunity," *United States v. Orleans,* 425 U.S. 807, 814, 96 S. Ct. 1971, 48 L. Ed. 2d 390 (1976), and it is the party bringing suit who bears the burden of proving that sovereign immunity has been waived. *See James v. United States,* 970 F.2d 750, 753 (10th Cir. 1992). A waiver of sovereign immunity cannot be implied and must be unequivocally express. *See FAA v. Cooper,* 566 U.S. 284, 290-91 (2012); *see also United States v. Mitchell,* 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Here, Mr. Claunch's claims against the United States, the Department and Mr. Kammerer in his official capacity[3] are barred under the doctrine of sovereign immunity.

---

[3] The plain language of Plaintiff's Amended Complaint states claims against Mr. Kammerer in his official capacity as the Regional Office Director for the Department of Veterans Affairs. *See* (ECF No. 7 at 6, ¶ 1 "employee Jack Kammerer through his employment in his office"); (*Id.* at 6, ¶ 2 "Jack Kammerer did through the function of his office cause the department of Veterans Affairs to being the ongoing monthly seizing of Plaintiff's income"); (*Id.*

### B. The Federal Tort Claims Act

Mr. Claunch, however, appears to allege a waiver of sovereign immunity by way of his claim against the government for the negligent actions of Mr. Kammerer under the Federal Tort Claims Act ("FTCA"). (ECF No. 7 at 6); *see* 28 U.S.C. §§ 2671-80. Under the FTCA, immunity is waived for certain torts committed by federal employees while acting within the scope of their

---

at 6, ¶ 3 "Jack Kammerer's administrative actions were within the scope of his employment and that he discharged his duties recklessly and negligently"); (*Id.* at 6, ¶ 3 the Department "is acting at the direction of Jack Kammerer in the exercise of the authority of his office."). When an action is brought against an individual defendant, "but the acts complained of consist[ ] of actions taken by [a] defendant[ ] in [his] official capacity as [an] agent[ ] of the United States, the action is in fact one against the United States." *Atkinson v. O'Neil,* 867 F.2d 589, 590 (10th Cir. 1989).

Further, to the extent that Mr. Claunch, contrary to the plain language of the Amended Complaint, relies upon 42 U.S.C. § 1983 to bring claims against Mr. Kammerer in his individual capacity, violations of constitutional rights are not cognizable against a federal actor under §1983. *See Belhomee v. Windnall,* 127 F.3d 1214, 1217 (10th Cir. 1997) (§1983 "applies to actions by state and local entities, not to the federal government.") And, while constitutional tort claims against federal officers in their individual capacities exist to the extent that the claims are recognized under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotis,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619, Mr. Claunch's amended pleading does not provide any allegations to support a constitutional tort claim against Mr. Kammerer in his individual capacity. In turn, a cause of action under *Bivens* should not be implied where Congress has already provided specific remedies to protect the rights of aggrieved parties. *See Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 72-74, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001); *see also Zuspann v. Brown,* 60 F.3d 1156, 1160-61 (5th Cir. 1995) (declining to extend *Bivens* against federal official who administered veterans program because "Congress has set up an elaborate remedial structure [and] the administrative process created by Congress provides for a comprehensive review of veterans' benefits disputes.") (*citing, Schweiker v. Chilicky,* 487 U.S. 412, 108 S. Ct. 2460, 101 L. Ed. 2d 370 (1988)).

employment. *See* 28 U.S.C. § 1346(b)(1). However, exceptions exist and when an "exception applies, sovereign immunity remains, and federal courts lack jurisdiction." *Garlin v. United States EPA,* 849 F.3d 1289 (10th Cir. 2017) (*citing Aviles v. Lutz,* 887 F.2d 1046, 1048 (10th Cir. 1989)).

The FTCA's administrative exhaustion is as an exception to immunity and requires that a Plaintiff exhaust all administrative remedies prior to commencing suit. 28 U.S.C. § 2675(a). The administrative exhaustion requirement is "jurisdictional and cannot be waived." *Morrison v. Kache,* 576 F. App'x 715, 717 (10th Cir. 2014) (unpublished) (quotation marks and citation omitted). As relevant here:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury. . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Under the statute claims for damages against the government must be presented to the "appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to being its own investigation, and (2) a sum certain damages claim." *Estate of Trentadue ex rel. Aguilar v. United States,* 397 F.3d 840, 852 (10th Cir. 2005) (*quoting Bradley v United States ex. rel. Veterans Admin.,* 952 F.2d 268, 270 (10th Cir. 1991)). Notice requirements are strictly construed, and in this case there is no indication that Mr. Claunch presented any claim for damages under the FTCA to the appropriate agency.[4] *See*

---

[4] While not connected to his FTCA claim, Plaintiff alleges, in connection with a claim 42 U.S.C. § 1986 claim, that he "appealed in writing to the Department of Veteran's Affairs Office of Inspector General . . . .") (ECF No. 7 at 8, ¶ 9.)

*Bradley*, 951 F.2d at 270. As a result, sovereign immunity remains, and this court lacks jurisdiction over Plaintiff's claims.

### C. The Veterans Judicial Review Act

The Veterans Judicial Review Act of 1988 ("VJRA") "'established a multi-tiered framework for the adjudication of claims regarding veterans benefits.'" *Lujan v. Sec'y of Veterans Affairs,* 2009 LEXIS 82853 at *3 (D. Utah Sept. 11, 2009) (unpublished) (*quoting Beamon v. Brown,* 125 F.3d 965, 967 (6th Cir. 1997)). Under U.S.C. § 511,

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by another official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a); *see also Johnson v. Robison,* 415 U.S. 361, 370, 94 S. Ct. 1160, 39 L. Ed. 2d 389 (1974) (recognizing statute's dual purpose of insulating courts and the Department from veteran benefits litigation and of insuring uniform determinations of benefits application of VA policy) (construing predecessor statute, 38 U.S.C. § 211(a)).

Once the Secretary issues a decision, a claimant may appeal the decision to the Board of Veterans Appeals ("BVA"). *Lujan*, at *4. Thereafter, the BVA has jurisdiction to either issue a final decision of the Secretary or remand to the Secretary for further development. *Id.*; *see* 38 U.S.C. § 7104(a). The VJRA further established the Court of Appeals for Veterans Claims which is vested with exclusive jurisdiction over appeals from final decisions of the BVA, and the United States Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over the Court of Appeals for Veterans Claims. 38 U.S.C. §§7252(a), 7292(c).

Here, despite the numerous statutory and constitutional labels applied by Mr. Claunch, the true substance of the claims mount a challenge to the Department's decisions regarding Mr. Claunch's veterans benefits and the assessment of an overpayment against him. *See Weaver*, 98 F.3d at *5. As a result, 38 U.S.C. §211(a) precludes this Court's review of Mr. Claunch's Amended Complaint. *Compare Tietjen v. United States Veterans Administration*, 884 F.2d 514, 515 (9th Cir. 1989) (Section 211(a) prohibits judicial review of questions of "law or fact concerning a benefit provided by a law administered by the Veterans Administration"), *with Johnson,* 415 U.S. at 373 (Section 211(a) allows judicial consideration of constitutional facial challenges to the statute itself). And, while Mr. Claunch asserts that jurisdiction is not "defeated" because he does not seek this Court's "review [of] benefits determinations made by Defendants," a thorough review reveals that all of his claims and injuries stem from individualized questions of law or fact related to the underlying administrative decision. (ECF No. 17 at 2, 11.) Thus, by operation of the VJRA, jurisdiction over Plaintiff's challenges is conferred exclusively on the BVA, the United States Court of Appeals for Veterans Claims and the Court of Appeals for the Federal Circuit.

For these reasons, the Court concludes that it lacks subject matter jurisdiction over Mr. Claunch's action.

## **RECOMMENDATION**

For the reasons stated, it is HEREBY RECOMMENDED to the District Court that Defendants' Motion to Dismiss be GRANTED (ECF No. 16) and Plaintiff's Amended Complaint be DISMISSED without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see Brereton v. Bountiful City Corp.* 434 F.3d 1213, 1216 (10th Cir. 2006) (dismissal of an action for lack of jurisdiction must be without prejudice).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED.**

DATED this 11 May 2021.

_____
Dustin B. Pead
United States Magistrate Judge